# United States District Court

_____MIDDLE_____ DISTRICT OF _____ALABAMA_____

| | |
|---|---|
| **In the matter of the Search of**<br>(Name, address or brief description of person, property or premises to be searched)<br><br>**Alabama State University, Councill Hall, Room 128, 915 South Jackson Street, Montgomery, Alabama 36104** | **APPLICATION AND AFFIDAVIT<br>FOR SEARCH WARRANT**<br><br>CASE NUMBER: 2:07mj 47-TFM |

I _____James K. Murray_____ being duly sworn depose and say:

I am an agent __with the Federal Bureau of Investigation__ and have reason to believe

that ☐ on the person of or ☒ on the property or premises known as (name, description and/or location)

**Alabama State University, Councill Hall, Room 128, 915 South Jackson Street, Montgomery, Alabama 36104,**

in the _____Middle_____ District of ____Alabama____
there is now concealed a certain person or property, namely (describe the person or property to be seized)

**See Attachment A**

which is (state one or more bases for search set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

**property that constitutes evidence of the commission of a criminal offense,**

concerning a violation of Title __18 & 26__ United States Code, Section(s) __666(a)(1)(A) & 7201__

The facts to support the issuance of a Search Warrant are as follows:

**See Attached Affidavit**

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____James K. Murray_____
Signature of Affiant

Sworn to before me and subscribed in my presence,

April 26, 2007  4:45 pm                     at   Montgomery, Alabama
Date                                              City and State
TERRY F. MOORER
United States Magistrate Judge                    _____
Name & Title of Judicial Officer                  Signature of Judicial Officer

**Attachment A – Items To Be Seized**

The following items are to be seized, whether hard copies or electronically stored:

1. Personal records, including but not limited to bank statements, credit card statements, blank checks, cancelled checks, original checks, deposit slips, withdrawal slips, wire transfer records, copies of deposited items, invoices, bills, receipts, emails, correspondence, records of expenditures, telephone and cell phone records, currency, and other communications.

2. Financial records related to ASU, including bank statements, credit card statements, blank checks, original checks, cancelled checks, invoices, bills, receipts, withdrawal slips, wire transfer records, copies of deposited items, emails, correspondence, records of expenditures, currency, and other communications.

3. Any and all of the above-described information that may be stored on computer storage media, including stored electronic mail (e-mail) messages, notes, word processing or any other type of documents, and any other electronically stored information. This includes information stored on computer hard drives, diskettes, tapes, CD-ROM, USB storage device (e.g. Thumb or jump drives) or any other media capable of storing information in a form readable by a computer. This also includes all copies of the information described above that may be located on any handheld (e.g. "Palm Pilot" type) computers or other portable computing or data storage device; and any stored information that is maintained as archive or backup copies.

## **AFFIDAVIT**

I, James K. Murray, do hereby state the following information:

1.      I am employed as a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed for over 18 years.  During that time I have received training in the investigation of fraud and embezzlement schemes and have personally participated as a case agent in dozens of fraud cases while assigned in three FBI field divisions.  I am currently assigned to the Mobile Field Division, Montgomery Resident Agency of the FBI.  A large percentage of my current duties relates to the investigation of white collar crimes.

2.      In connection with my official duties, I have been personally involved in an investigation regarding over $365,000.00 in missing funds which were due to Alabama State University (ASU) in Montgomery, Alabama.  ASU is a public university which receives over $10,000 in federal funds per year.  My investigation includes discussions and information shared with me by the Director of Internal Auditing at ASU, an Accounts Examiner with the Alabama Department of Examiners of Public Accounts, ASU Police investigators, and agents of the Alabama Bureau of Investigation (ABI).

3.      During a recent audit of an ASU auxiliary income account, it was noted that checks collected from a certain vendor had not been deposited into an ASU account.  JAMES MICHAEL HINSON, (DOB July 9, 1966), assigned as a Senior Accountant at ASU, was found to have received many of the missing checks.  HINSON was asked about the missing deposits and denied any knowledge.  On April 17, 2007, fraudulent backdated computer entries were made into the ASU accounting system in an effort to account for the missing deposits.  HINSON was confronted about the fraudulent ledger entries and denied any involvement with them.  Further investigation revealed that the entries were made using HINSON'S unique ASU computer sign on.

4. ASU officials obtained copies from the vendor of some of the payment checks that were not deposited into an ASU account. They were found to have been deposited into an account at Wachovia Bank named ASU Auxiliary Accounting Club. There is no such club at ASU. Wachovia advised that the person who set up the account and made himself signatory was JAMES HINSON. The address on the account was a home address for HINSON in Dothan, Alabama. The Dothan account was set up in February 2005 using ASU's Tax Identification Number. Wachovia provided further account information to ASU which disclosed that monies intended for ASU such as vendor checks, State of Alabama checks, and athletic ticket sales checks had been deposited into the account set up by HINSON. Monies flowing out from the account appear to have been used to make credit card payments not related to ASU business. The account is now frozen by request of ASU.with approximately $113 in remaining balance. Over $365,000.00 was deposited into the account through March 2007. All of the deposits in the account were apparently checks intended for ASU.

5. A criminal history check of HINSON revealed a felony conviction for theft in 1997. In an interview with ASU Police, HINSON advised that the conviction stemmed from an incident in which he allegedly stole ten company checks from a business he worked for prior to being hired at ASU.

6. According to ASU officials, HINSON regularly used both an ASU desk stationed computer and a laptop computer in his accounting duties at ASU. HINSON's office was on the ASU campus in Room 128, Council Hall, 915 South Jackson Street, Montgomery, Alabama 36104.

7. On April 24, 2007, HINSON was confronted on his way to his office by ASU police officers. HINSON agreed to accompany ASU police officers to the campus police station. An ASU police officer, Vicki Arrington, asked HINSON if he wanted to accompany her to his office to retrieve his personal effects. HINSON wanted Arrington to retrieve the items, and he wrote down a list of what he wanted, namely, photographs, bills in his right top desk drawer, and a bag of bills. Arrington then told HINSON she needed to take possession of his ASU laptop. HINSON stated that it was in the trunk of his car. Arrington accompanied HINSON to his car. He gave her the laptop. He also gave her a "jump drive," which he said belonged to ASU.

8. Arrington then took HINSON back to the station, and she proceeded to his office. She located a broken plastic Wal Mart bag with documents, which she put into a box. She also located the bills in the drawer, which she also placed in the box. She also located a black Old Navy duffel bag. She opened the bag to see if it contained the documents HINSON had referred to in his written list. She determined that the bag contained both personal and ASU documents. Arrington returned to the station with the items. HINSON confirmed that the black duffel bag was the bag with bills he had referred to in the list. Arrington told HINSON that she was not going to return to him the duffel bag and the box that contained the Wal Mart bag and the documents from his drawer.

9. On April 24, 2007, Arrington provided to the ABI the laptop (a Gateway, Serial No. 0035906194) and its case, the jump drive, the hard drive from Arrington's office computer (a Dell, serial no. 85NLX21, ASU #017954), the black duffel bag, and the box containing the Wal Mart bag and the documents Arrington had removed from the desk drawer in HINSON's office.

10. On April 25, 2007, ASU police took your affiant to Room 128, Council Hall, which was HINSON's office. In the office, your affiant observed a two-drawer tan file cabinet, a desktop

-3-

hutch, and a desk with drawers that had on top a large amount of financial records and other paperwork. There were also boxes with paperwork throughout the office. It is unknown at this time whether HINSON had set up any other accounts to assist him in the embezzlement of ASU funds.

11. Based on the information provided in this affidavit, I have reason to believe that JAMES HINSON may be responsible for the theft of funds due to ASU. In addition, based on my experience, individuals who engage in embezzlement schemes do not declare the income derived from the scheme on their federal income tax returns. Therefore, I believe that evidence of HINSON's embezzlement and tax evasion will be located in his office at ASU and in the items in the possession of the ABI. I believe that financial records, electronic and paper communications and entries, receipts of expenditures and deposits, tax records, telephone records, facsimile records, personal notes and correspondence related to the fraud, currency, original checks, invoices, account transfer information and credit card transactions related to the scheme will likely be found during the search.

_____
James K. Murray, Federal Bureau of Investigation

Subscribed and sworn before me this 26th day of April, 2007.

_____
United States Magistrate Judge

-4-